IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-65-D

| | | |
|---|---|---|
| PATRICK O'CONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER and** |
| TOWN OF BURGAW, NORTH | ) | **PRELIMINARY INJUNCTION** |
| CAROLINA, and JIM HOCK, | ) | |
| | ) | |
| Defendants. | ) | |

On March 29, 2017, plaintiff filed his verified complaint seeking injunctive, declaratory, and monetary relief for the violation of his constitutional rights. See [D.E. 1]. On April 28, 2017, plaintiff filed four exhibits referenced in his verified complaint. See [D.E. 9]. On May 3, 2017, plaintiff filed a motion for a preliminary injunction challenging Town of Burgaw Ordinance 2015-25, which is codified in Burgaw Town Code, Section 24-17 (the "Code") as violating the First Amendment facially and as applied. See [D.E. 10].

The Code provides:

WHEREAS, the Pender County Courthouse Square is a traditional public forum, which is open to the general public to exercise each individual's right of free speech pursuant to the First Amendment to the United States Constitution; and

WHEREAS, at certain limited times during a calendar year, festivals are held on the grounds of the Pender County Courthouse Square and the sidewalks and streets located within the immediate area to the Pender County Courthouse Square; and

WHEREAS, during these festivals, the festival committee who is sponsoring the festival shall have received prior authorization from the Town of Burgaw and the County of Pender to utilize the Pender County Courthouse Square and the adjacent sidewalk and streets for the utilization of these public areas during designated times for the purpose of having and conducting their festival activities, and

> WHEREAS, in order to eliminate any conflicts as to the priority over the use of the public areas utilized during a festival and to avoid any infringement on an individual's right to exercise their right of free speech during a festival, the Town of Burgaw believes that it is in the best interest of the public that an alternate public forum be designated during a festival for a person to go to and exercise their right of free speech.
>
> NOW THEREFORE, BE IT ORDAINED BY THE TOWN OF BURGAW BOARD OF COMMISSIONERS THAT:
>
> I.  Amend the Town of Burgaw Code of Ordinances to add Section 24-30 as follows:
>
> Sec. 24-30. – Designation of Alternate Public Forum to Exercise Free Speech
>
> During any festival where the Pender County Courthouse Square is utilized for festival activities, the western portion of the block located between West Bridgers Street and West Wilmington Street and immediately adjacent to North Dudley Street shall be designated as the alternate public forum for any individual who desires to exercise their right of free speech pursuant to the First Amendment of the United States Constitution from 7:00 a.m. on the day before the commencement of the festival until 7:00 p.m. on the day after the commencement of the festival. The designation of this alternate public forum shall be effective only when the Pender County Courthouse Square and the sidewalks and streets located within the immediate area to the Pender County Courthouse Square have been authorized by the Town of Burgaw's governing body to be utilized for festival activities pursuant to a request by an organized festival committee. Unless otherwise preempted by an ordinance of the County of Pender, a resolution of the governing body of the County of Pender, federal or North Carolina law, the Pender County Courthouse Square is acknowledged as a public forum where members of the public can exercise their right to free speech.

See [D.E. 21-2]. The Code became effective at 12:01 a.m., on October 14, 2015. See id.

Plaintiff is a citizen and resident of North Carolina who seeks to speak to people about his views regarding religious, political, and social topics. See [D.E. 1] ¶¶ 4, 14–15. Plaintiff seeks to speak to people who have attended and will attend the Town of Burgaw's Blueberry Festival, which is held each June on the public streets and sidewalks surrounding the Pender County Courthouse Square. See id. ¶¶ 24–33. As part of his speech, plaintiff speaks to people, distributes free literature, and carries portable signs. See id. ¶¶ 28–29, 31. Plaintiff also "records public events for

2

commentary and distribution." Id. ¶ 30. Plaintiff plans to speak during the Blueberry Festival on June 17 and 18, 2017, but is concerned he will be arrested, incarcerated, and fined for violating the Code. See id. ¶¶ 33–35.

On May 31, 2017, defendants responded in opposition to plaintiff's motion for a preliminary injunction. See [D.E. 21]; see also [D.E. 22, 24]. On Tuesday, June 13, 2017, the court held a hearing and considered the arguments of plaintiff and defendants concerning plaintiff's motion for a preliminary injunction.

Having considered the entire record and governing law, the court hereby enters the following findings of facts and conclusions of law for purposes of this order and preliminary injunction:

1. The court adopts the factual allegations in paragraphs 1–21, 23–34, 36–46, 54–64, 73–74, 102, 104–05 of plaintiff's verified complaint as its own findings of fact. See [D.E. 1] ¶¶ 1–21, 23–34, 36–46, 54–64, 73–74, 102, 104–05.

2. The court has considered plaintiff's request for a preliminary injunction under the governing standard. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355, 356 (4th Cir. 2010) (per curiam). Plaintiff has established that (1) he is likely to succeed on the merits of his claim that the Code facially violates the First Amendment; (2) he is likely to suffer irreparable harm absent preliminary relief; (3) the balance of the equities tips in plaintiff's favor; and (4) a preliminary injunction is in the public interest. See, e.g., Bays v. City of Fairborn, 668 F.3d 814, 820–25 (6th Cir. 2012).

3. Plaintiff wishes to engage in protected speech. See, e.g., Capitol Square Review & Advisory Bd. v. Pinette, 515 U.S. 753, 760–61 (1995); City of Ladue v. Gilleo, 512 U.S. 43, 48

3

(1994); United States v. Kokinda, 497 U.S. 720, 732–36 (1990) (plurality opinion); Boos v. Barry, 485 U.S. 312, 318 (1988); Edwards v. South Carolina, 372 U.S. 229, 233–37 (1963); Murdock v. Pennsylvania, 319 U.S. 105, 108–10 (1943). The Pender County Courthouse Square and its surrounding public streets and sidewalks are traditional public fora. See, e.g., Ark. Educ. Television Comm'n v. Forbes, 523 U.S. 666, 677 (1998) ("Traditional public fora are defined by the objective characteristics of the property, such as whether, by long tradition or by government fiat, the property has been devoted to assembly and debate." (quotations omitted)); Frisby v. Schultz, 487 U.S. 474, 481 (1988); Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45 (1983); Hague v. Comm. for Indus. Org., 307 U.S. 496, 515 (1939). Plaintiff wishes to engage in protected speech in traditional public fora, and the Code does not qualify as a constitutional time, place, and manner restriction. See, e.g., United States v. Grace, 461 U.S. 171, 177–84 (1983); cf. Heffron v. Int'l Soc'y for Krishna Consciousness, Inc., 452 U.S. 640, 647–55 (1981).

4. To qualify as a constitutional time, place, and manner restriction, the Code must be narrowly tailored to serve a significant governmental interest. See, e.g., Grace, 461 U.S. at 177. The court assumes without deciding that the Town has a significant governmental interest in ensuring smooth pedestrian traffic flow, public safety, and relieving congestion and overcrowding during festivals, including the Blueberry Festival. See, e.g., Heffron, 452 U.S. 649–50. However, the Code is not narrowly tailored to further those interests. To be narrowly tailored, a restriction on speech must not "burden substantially more speech than is necessary to further the government's legitimate interests." Ward v. Rock Against Racism, 491 U.S. 781, 799 (1989). Although a regulation "may satisfy the tailoring requirement even though it is not the least restrictive or least intrusive means of serving the [state's] goal," Hill v. Colorado, 530 U.S. 703, 726 (2000), the requirement must not be "substantially broader than necessary." Ward, 491 U.S. at 800.

4

5. The Code is substantially broader than necessary. On its face, the Code purports to redefine the grounds of the Pender County Courthouse Square and the sidewalks and streets located within the immediate area of the Pender County Courthouse Square as exempt from the First Amendment from 7:00 a.m. on the day before the commencement of the festival until 7:00 p.m. on the day after the commencement of the festival by virtue of the Code's creation of an "alternate public forum" on the western portion of the block located between West Bridgers Street and West Wilmington Street and immediately adjacent to North Dudley Street. See [D.E. 21-2]. The Town, however, cannot "by its own ipse dixit destroy the 'public forum' status of the streets and parks which have historically been public forums." U.S. Postal Serv. v. Council of Greenburgh Civic Ass'ns., 453 U.S. 114, 133 (1981); see Forbes, 523 U.S. at 678; Grace, 461 U.S. at 175. Likewise, on its face, the Code improperly prohibits plaintiff from mingling with other people located on the grounds of the Pender County Courthouse Square and sidewalks and streets located within the immediate area of the Pender County Courthouse Square to discuss politics, religion, sports, or anything else. Cf. Heffron, 452 U.S. at 643–44 (upholding a state fair rule requiring all persons, groups, or firms who desire to sell, exhibit, or distribute materials during the fair to do so from fixed locations on the fairgrounds, but not preventing people from "walking about the fairgrounds and communicating the organization's views with fair patrons in face-to-face discussions" or displaying signs); Price v. City of Fayetteville, No. 5:13-CV-150-FL, 2013 WL 1751391, at *2–9 (E.D.N.C. Apr. 23, 2013) (unpublished) (upholding a rule confining distribution of all flyers, pamphlets, coupons, or any other printed material during a downtown three-day festival to designated areas). The Code also improperly prohibits plaintiff from handbilling, carrying a sign, or conveying a message on his shirt or his hat. The Code's total ban on such speech is not necessary and is substantially broader than necessary to achieve the Town's purported interests in adopting the Code.

5

See, e.g., McCullen v. Coakley, 134 S. Ct. 2518, 2535–41 (2014); Ward, 491 U.S. at 800; Grace, 461 U.S. at 172–82; Reynolds v. Middleton, 779 F.3d 222, 230–32 (4th Cir. 2015); Bays, 668 F.3d 824–25; cf. Ross v. Early, 746 F.3d 546, 555–60 (4th Cir. 2014) (affirming summary judgment for city concerning its policy regulating location of demonstrators upon the city's showing that the demonstrators blocked pedestrian movement, blocked entrances, exits, and handicapped ramps to city arena, and created a public safety hazard and that the city's policy alleviated these demonstrated harms in a direct and material way). Thus, plaintiff has demonstrated that he is likely to succeed on the merits of his claim that the Code facially violates the First Amendment.

6. At oral argument, defendants attempted to disclaim the Code's extraordinary breadth. The court, however, "will not rewrite a state law to conform it to constitutional requirements." Virginia v. Am. Booksellers Ass'n, Inc., 484 U.S. 383, 397 (1988). Likewise, the court has grave concerns about how standardless the Code is concerning enforcement. See, e.g., Kolender v. Lawson, 461 U.S. 352, 358–61 (1983); Coates v. City of Cincinnati, 402 U.S. 611, 614–16 (1971); Niemotko v. Maryland, 340 U.S. 268, 271–73 (1951); Child Evangelism Fellowship of Md., Inc. v. Montgomery Cty. Pub. Sch., 457 F.3d 376, 387–90 (4th Cir. 2006).

7. Plaintiff demonstrated that he is likely to suffer irreparable harm absent preliminary relief. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976).

8. Because plaintiff has shown a substantial likelihood that the Code facially violates the First Amendment, enjoining the Code will not harm the Town or anyone else. See, e.g., Tinker v. Des Moines Indep. Cmty. Sch. Dist., 393 U.S. 503, 508–10 (1969). Thus, the balance of equities favors plaintiff. Moreover, a preliminary injunction is in the public interest. See, e.g., Elrod, 427 U.S. at 373.

9. Defendants are enjoined from enforcing the Code.

10. This order does not prohibit defendants from enforcing otherwise applicable and constitutional federal, state, or local laws. See, e.g., Cox. v. Louisiana, 379 U.S. 559, 574 (1965); Cox v. New Hampshire, 312 U.S. 569, 574 (1941); Cox v. City of Charleston, 416 F.3d 281, 286 (4th Cir. 2005).

11. Defendants shall not impose restrictions on plaintiff's speech because of the content or viewpoint of the expression or the possible reaction to the expression. See, e.g., Thomas v. Chi. Park Dist., 534 U.S. 316, 323–24 (2002); Org. for a Better Austin v. Keefe, 402 U.S. 415, 419 (1971); Tinker, 393 U.S. at 508–10.

12. This order shall remain in place until further order of this court.

13. No bond is required.

SO ORDERED. This *13* day of June 2017.

JAMES C. DEVER III
Chief United States District Judge